**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

FRANK EMANUEL MICHAEL                                                      PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:08CV45-HTW-LRA

RANKIN COUNTY DEPARTMENT OF HUMAN
SERVICES, AMELIA CANNON, AND
SHEREE SHANAE CARTER                                        DEFENDANTS

## ORDER

Before the court is the motion of the defendants "Rankin County Department of Human Services"[1] and case worker Amelia Cannon to dismiss the above styled and numbered cause against them on grounds of immunity under the Eleventh Amendment to the Constitution of the United States [**Docket No. 19**] which bars a suit in federal court by a citizen of a state against his own state or against a state agency or department, or against an agent of the state for monetary damages. *See Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 104, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

The plaintiff Frank Emanuel Michael (hereinafter "plaintiff"), who is proceeding *pro se,* filed the instant complaint against the Rankin County Department of Human Services (hereinafter "Rankin County") and two individuals, Amelia Cannon, a case worker with the Rankin County Department, and one Sheree Shanae Carter, who

---

[1]The defendants agree that Region III of the Mississippi Department of Human Services located in Rankin County, Mississippi, is the proper defendant in this case.

claims to be the mother of two children fathered by the plaintiff. The plaintiff asserts that his lawsuit is brought to this court pursuant to Title 42 U.S.C. §§ 1983[2] and 1988,[3] claiming erroneously that the subject matter jurisdiction of this court is predicated on Title 28 U.S.C. § 2283.[4] The relevant jurisdictional provision in a proper civil rights case is Title 28 U.S.C. § 1343(a)(3),[5] which states that a district court has original jurisdiction where a plaintiff alleges a § 1983 civil rights claim. *Mitchell v. Johnston*, 701 F.2d 337, 344 (5th Cir. 1983).

The plaintiff is a Mississippi resident. The individual defendant Sheree Shanae

---

[2]Title 42 U.S.C. § 1983 provides that, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

[3]Title 42 U.S.C. § 1988(b) provides in relevant part that, "[i]n any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 ..., the Religious Land Use and Institutionalized Persons Act of 2000, ..., title VI of the Civil Rights Act of 1964 ... , or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, ... ."

[4]Title 28 U.S.C. § 2283 provides that, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." This statute does not address how this court's subject matter jurisdiction is established.

[5]Title 28 U.S.C. § 1343(a) provides that, "[t]he district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; ... ."

2

Carter is a Mississippi resident. The Rankin County Department of Human Services is an agency of the State of Mississippi, while the individual defendant Amelia Cannon is an employee/agent of the Rankin County Department of Human Services.

The plaintiff also avers that Rankin County and Amelia Cannon have violated the Fair Debt Collection Practices Act, Title 15 U.S.C. §§ 1692-1692o,[6] and the Fair Credit Reporting Act, Title 15 U.S.C. §§ 1681-1681u,[7] by reporting allegedly false information to various credit information services.

Rankin County and Amelia Cannon now seek dismissal of the plaintiff's claims on the grounds of immunity, noting that States and state officers acting in their official capacities are immune from suits for damages in federal court. *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 609 n. 10, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Eleventh Amendment immunity, however, will not apply to a lawsuit for prospective injunctive relief against state officials for violations of federal or Constitutional law. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

The plaintiff was directed on September 12, 2008, to respond to the motion to dismiss submitted by these defendants, but, has yet to do so. The plaintiff continues to

---

[6]Title 15 U.S.C. § 1692d provides that, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

[7]Title 15 U.S.C. § 1681b provides that, "[i]t is the purpose of this subchapter to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information in accordance with the requirements of this subchapter.

follow his own course in this matter, having filed a second motion for a temporary restraining order [**Docket No. 26**], as well having filed two motions for judgment on the pleadings [**Docket Nos. 17 and 25**], a motion for default judgment [**Docket No. 12**], a motion to alter judgment [**Docket No. 11**], and a motion to continue [**Docket No. 22**]. This court already has denied plaintiff's request for a temporary restraining order [Docket No. 7]. The plaintiff's dispositive motions ignore the immunity defenses submitted by the two state defendants as the basis of their request for dismissal. Moreover, the plaintiff makes no attempt to show what conduct of the defendants may have violated clearly established constitutional law.

## I. **THE COMPLAINT**

According to the plaintiff, the defendant Sheree Shanae Carter, an individual, filed a complaint against the plaintiff in the Chancery Court of Madison County, Mississippi, on December 13, 2005, for child support, but failed to prosecute the lawsuit or to establish jurisdiction over the plaintiff.[8] Consequently, says plaintiff, the Chancery Court Judge entered an Order which dismissed the complaint without prejudice. The Order was not a final disposition of any issue; yet, the plaintiff now contends that the document constitutes a judgment in his favor.

The plaintiff next contends that the defendant Sheree Shanae Carter gave to the defendant Amelia Cannon, a case worker with the Rankin County Department of Human Services, a copy of a "judgment" for the purpose of child support collection, even though, says plaintiff, this "judgment" was in favor of the plaintiff. This "judgment"

---

[8]The complaint does not state whether service of process was obtained in the case.

is the Madison County Chancery Court Order dismissing the child support complaint of Sheree Shanae Carter without prejudice.

The plaintiff contends that Sheree Shanae Carter used state actors such as Rankin County and Amelia Cannon to violate the plaintiff's civil rights by harassing him and improperly reporting nonpayment of child support to credit information services.

The plaintiff also is aggrieved that Rankin County has registered his purported non-payment of child support with the various credit information and reporting agencies. The plaintiff claims that irreparable harm has been caused to his creditworthiness because of this conduct. The plaintiff seeks injunctive relief to require Rankin County to correct the reports it has made.

The plaintiff says he has a constitutionally protected right against state actors attempting to enforce child support payments without a valid judgment, and against reporting negative information to the credit bureau. These actions, says plaintiff, deny him due process and equal protection[9] under the Fourteenth Amendment to the Constitution of the United States. The plaintiff also asserts that the defendants' actions violate the Fair Debt Collections Practices Act and the Fair Debt Reporting Act.

For relief, the plaintiff seeks compensation for all fees in the amount of $10,000.00, an amount which includes $5,000.00 in "nominal" damages, and injunctive

---

[9]Section 1 of Amendment Fourteen to the Constitution of the United States provides that, "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, *without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws*."

relief to correct the negative information given to credit information services by Rankin County. Plaintiff also says that he should be paid attorney fees for serving as his own attorney.

## II. **THE DEFENDANTS' MOTION TO DISMISS**

Defendants submit their motion to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure which addresses *in personam* jurisdiction and Rule 12(b)(1) pursuant to which defendants argue lack of jurisdiction over the subject matter.[10] The motion to dismiss argues that the plaintiff is not entitled to engage a federal forum in order to pursue civil liberties claims against a governmental entity such as Region III of the Mississippi Department of Human Services or its employees in their official capacities.

Established by the Mississippi Legislature at Mississippi Code Annotated §43-1-1 et seq., the Department of Human Services is an "arm of the state" and immune from liability in federal court, say defendants, just as the Mississippi Board of Nursing was found to be in *O'Neal v. Mississippi Board of Nursing*, 113 F.3d 62 (5th Cir. 1997); the Mississippi Department of Transportation in *Cooley v. Miss. Department of Transportation*, 96 F.Supp.2d 565 (S.D. Miss. 2000); the Mississippi Department of Wildlife, Fisheries, and Parks in *Kinnison v. Miss. Department of Wildlife, Fisheries, and*

---

[10]Rule 12(b)(1) and (2) of the Federal Rules of Civil Procedure provides in pertinent part:

(b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of subject matter jurisdiction; (2) lack of jurisdiction over the person, ... ."

6

*Parks*, 990 F.Supp. 481 (S.D. Miss. 1998); the Mississippi Highway Patrol in *King v. Miss. Highway Patrol*, 827 F.Supp. 402 (S.D. Miss. 1993); the Mississippi Department of Mental Health in *Scanlon v. Department of Mental Health*, 828 F.Supp. 421 (S.D. Miss. 1993); and the Mississippi Department of Public Welfare in *Chrissy F. v. Miss. Department of Public Welfare*, 780 F.Supp. 1104 (S.D. Miss. 1991).

As noted previously, the defendants submit that state officers acting in their official capacities are immune from suits for damages in federal court. *Buckhannon Bd. and Care Home, Inc.,* 532 U.S. at 609 n. 10. Thus, to the extent the plaintiff seeks monetary damages, say defendants, this case should be dismissed.

The defendants also contend that Amelia Cannon, as an official of the State of Mississippi, is entitled to qualified immunity from claims brought against her in her official capacity. *Procunier v. Navarette*, 434 U.S. 555, 561-62, 98 S. Ct. 855, 55 L. Ed. 2d 24 (1978); and *Cleavinger v. Saxner*, 474 U.S. 193, 206-07, 106 S.Ct. 496, 88 L. Ed. 2d 507 (1985). Defendants further submit that Amelia Cannon acted in good faith, without malice and within the scope of her employment at all times relevant to this lawsuit; and that she did not intentionally or otherwise deprive the plaintiff of any constitutional or statutory right.

Finally, the defendants contend that the plaintiff's complaint fails to state a cognizable claim under Title 42 U.S.C. § 1983.

### III. ANALYSIS

#### A. The Immunity Defense

Eleventh Amendment immunity bars § 1983 claims against state officials in their

7

official capacities for the recovery of monetary damages. *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), and *Hughes v. Savell*, 902 F.2d 376 (5th Cir. 1990). "Suits against state officials in their official capacity are considered to be suits against the individual's office, and so are generally barred as suits against the state itself." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2311-12, 105 L.Ed.2d 45 (1989)).

To determine whether a defendant is entitled to qualified immunity, this court engages in a two-pronged analysis, inquiring (1) whether the plaintiff has alleged a violation of a constitutional right and, if so, (2) whether the defendant's behavior was objectively reasonable under clearly established law at the time the conduct occurred. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). If the plaintiff fails to state a constitutional claim, or if the defendant's conduct was objectively reasonable under clearly established law, then the government official is entitled to qualified immunity and the case will be dismissed. *Id.*

To succeed against the defense of qualified immunity, a plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir.1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001).

8

Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Under this doctrine, public officials sued in their individual capacities under Section 1983 are shielded from suit unless their conduct violated clearly established statutory or constitutional rights of which a reasonable person should have known. See *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir.1996).

Once the defense of qualified immunity is raised, it is the plaintiff who has the burden to rebut the defense by establishing that the allegedly wrongful conduct in question violated clearly established law. *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002) (*en banc*) ("when a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense").

In the instant case, the plaintiff was directed to respond to the qualified immunity defense, but failed to do so, choosing instead to file the aforesaid additional motions for judgment and for preliminary injunctive relief. Inasmuch as the plaintiff is proceeding *pro se*, this court shall review his pleadings to see if they might possibly state a constitutional claim. Only if a constitutional claim is asserted will the court determine whether a violation of clearly established law has taken place.

### B. Has Plaintiff Raised a Constitutional Claim Under § 1983?

Before addressing any of the plaintiff's motions in this case, or directing the parties to conduct discovery, this court must determine whether the plaintiff actually has alleged a constitutional violation. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct.

9

1789, 114 L.Ed.2d 277 (1991) (holding that the plaintiff must assert a constitutional right before the court determines whether the right asserted is 'clearly established'); *see also Samaad v. City of Dallas*, 940 F.2d 925, 940 (5th Cir. 1991) ("In *Siegert*, the Court holds that a court addressing a claim of qualified immunity should first consider 'whether the plaintiff asserted a violation of a constitutional right at all' before reaching the possibly unnecessary question of whether the plaintiff asserted a violation of a 'clearly established' right.").

Showing whether a constitutional claim is asserted requires a plaintiff to allege "the deprivation of an actual constitutional [or statutory] right." *Felton v. Polles*, 315 F.3d 470, 477 (5th Cir. 2002) (internal quotation omitted). If the plaintiff can show a specific constitutional violation, the plaintiff then must show that this violation was clearly established, and this must be shown with greater particularity, sufficiently clear so that a reasonable official would understand that what he or she was doing violated that right." *Id.* at 478 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Previous cases need not be precisely similar to the instant case; officials can be on notice that their conduct violates clearly established law in novel factual scenarios provided that the state of the law gave them "fair warning that their [conduct] was unconstitutional." *Hope v. Pelzer*, 536 U.S. 730, 741, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002). Even so, "[a] defendant's acts are held to be objectively reasonable unless all reasonable officials in the defendant's circumstances would have then known that the defendant's conduct violated the United States Constitution or the federal statute as alleged by the plaintiff." *Thompson v. Upshur County*, 245 F.3d 447,

457 (5th Cir. 2001).

In the instant case, the plaintiff's pleadings attempt to imply that any action taken by the Mississippi Department of Human Services, harassing or otherwise, is based entirely upon the Madison County Chancery Court's Order dismissing the child support complaint of Sheree Shanae Carter without prejudice. If the Madison County lawsuit brought by Sheree Shanae Carter was dismissed, then, legally, it cannot be the predicate for any action taken by the Department. Nevertheless, the plaintiff attempts to predicate his claims upon his presumption that a legally insufficient document was used by state actors to extort money from him. The plaintiff presents nothing to show that the Madison County Chancery Court's Order was used in this manner. Moreover, the plaintiff says in his pleadings that he has asked the Department to produce a judgment against him, and that none has been presented.

Moreover, the authority for the Mississippi Department of Human Services to take action against the plaintiff as the putative father of Sheree Shanae Carter's children derives from other sources wholly independent of the dismissed lawsuit. First, Mississippi Code Ann. § 43-19-31 and § 43-19-35[11] grant to the Department of

---

[11] Miss.Code Ann. § 43-19-31 authorizes the State Department of Human Services to establish a Child Support Unit, one of the purposes of which is ... (b) To secure and collect support by any method authorized under state law and establish paternity for any child or children receiving aid from the department, ...

Miss.Code Ann. § 43-19-35, which assigns to the DHS certain rights of welfare recipient mothers, reads, in part, as follows:

(1) By accepting public assistance for and on behalf of a child or children, the recipient shall be deemed to have made an assignment to the State Department of Human Services of any and all rights and interests in any cause of action, past present or future, that said recipient or *435 the children may have against any parent failing to provide for the support and maintenance of

11

Human Services the right to petition the Chancery Court to have the paternity of a child born out of wedlock determined. The right of the Department to do this is wholly separate from and independent of the right of the mother. *Minor v. State Department of Public Welfare*, 486 So.2d 1253, 1255 (Miss. 1986). The plaintiff shows nothing to support his implied assertion that no such petition has been sought or is being sought by the Department.

Secondly, the Department of Human Services has legal standing to bring suit against an alleged biological father to determine paternity of children receiving public assistance, even if the children were born during the mother's marriage to another man. Mississippi Code Ann. § 93-9-9(1).

Thirdly, the Mississippi Supreme Court holds that by virtue of its providing public assistance for the benefit of minor children, the Department has become subrogated to the recipient's rights against any putative father. *Hull v. State Department of Public Welfare*, 515 So.2d 1205, 1207 (Miss. 1987).

Finally, the Mississippi Supreme Court notes that the statutes establishing and enabling the Mississippi Department of Human Services are intended "to protect the state's interest when it appears likely that the child is or will become a public charge ...," and to, "protect the public purse." *Ivy v. State Department of Public Welfare*, 449 So.2d

---

said minor child or children for the period of time that assistance is being paid by said department; said department shall be subrogated to any and all rights, title and interest the recipient or the children may have against any and all property belonging to the absent or nonsupporting parent in the enforcement of any claim for child or spousal support, whether liquidated through court order or not. The recipient shall also be deemed, without the necessity of signing any document, to have appointed the State Department of Human Services to act in his or her, as well as the children's name, place, and stead to perform the specific act of instituting suit to establish paternity or secure support, ... .

779, 781 (Miss. 1984).

Considering all the above, this court must conclude that none of the plaintiff's allegations states a constitutional rights violation. Therefore, this court must find that the plaintiff does not state a claim under Title 42 U.S.C. § 1983 that would overcome the defense of qualified immunity.

### C. Violation of the Fair Debt Collections Practices Act and the Fair Debt Reporting Act

"The Fair Debt Collection Practices Act (FDCPA) prohibits 'debt collectors' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). The Act defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Title 15 U.S.C. § 1692a(6).

"For the FDCPA to apply, the obligation at issue must qualify as a 'debt,' defined as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.'" *Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 388 (5th Cir. 2002)(quoting 15 U.S.C. § 1692a(5)). Thus the Act "limits 'debt' to consumer debt," insofar as it only applies to debts " 'arising out of ... transactions' that 'are primarily for personal, family, or household purposes.' " *Heintz*, 514 U.S. at 293 (quoting 15 U.S.C. § 1692a(5)).

13

The Department of Human Services and Amelia Cannon apparently were pursuing child support for the children of Sheree Shanae Carter, children who were receiving public funds for their support. This indebtedness did not arise as a consumer transaction involving purchases intended for family, or household purposes. Thus, the child support sought by the defendants does not qualify as consumer debt and does not implicate the provisions of the FDCPA.

Next, the Fair Debt Reporting Act (FDRA) requires that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information. *See* Title 15 U.S.C. § 1681(b); *Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 465 (5th Cir. 2006). A "consumer reporting agency" is any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports. Inasmuch as the defendants are not a consumer reporting agency, the FDRA does not apply in this case.

### D. The Sufficiency of any Claims against Sheree Shanae Carter

In order for a private citizen such as Sheree Shanae Carter to be held liable under § 1983, the plaintiff must allege that she conspired with or acted in concert with

state actors.  *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989).  The Fifth Circuit holds that a non-state actor may be liable under § 1983 if the private citizen was a willful participant in a joint activity with the State or its agents.  *Cinel v. Connick*, 15 F.3d 1338, 1342 (5th Cir.1994).  The plaintiff must allege: (1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights.  *Cinel*, 15 F.3d at 1343.  "Allegations that are merely conclusory, without reference to specific facts, will not suffice."  *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004).  The plaintiff's pleadings assert that Sheree Shanae Carter took a copy of an Order dismissing a case she had filed in Madison County, Mississippi, to Amelia Cannon, a counselor with the Department of Human Services.  While the plaintiff desires that an implication be made by this court that this conduct had some nefarious purpose, this assertion simply does not suffice to establish any agreement among the defendants to do an illegal act.  This court already has concluded that the plaintiff's pleadings fail to assert a constitutional violation which is clearly established and apparent to the defendants.  Thus, the court must conclude that the plaintiff's pleadings are not sufficient to establish a claim against Sheree Shanae Carter.

## IV.  **CONCLUSION**

Based on the foregoing, this court finds the defendants' motion to dismiss [**Docket No. 19**] to be well taken and the same is granted.  The plaintiff's second motion for a temporary restraining order [**Docket No. 26**], his two motions for judgment on the pleadings [**Docket Nos. 17 and 25**], his motion for default judgment [**Docket No. 12**], his motion to alter judgment [**Docket No. 11**], and his motion to continue [**Docket**

15

**No. 22**] are all denied and terminated as moot.  This lawsuit in its entirety is dismissed. Plaintiff has ten (10) days from the date of this Order to show the court why this holding should not be disturbed.

**SO ORDERED AND ADJUDGED** this the 22nd day of March, 2010.

**s/ HENRY T. WINGATE**
_____
**CHIEF JUDGE
UNITED STATES DISTRICT COURT**

Civil Action No. 3:08-cv-45 HTW-LRA
Order